IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| **FREDERICK JEROME ROBERTS,** §<br>**TDCJ No. 01967238,** § <br> § <br> Petitioner, § <br> § <br>v. § <br> § <br>**LORIE DAVIS, Director,** § <br>**Texas Department of Criminal Justice,** § <br>**Correctional Institutions Division,** § <br> § <br> Respondent. § | Civil Action No. 7:19-cv-00031-O-BP |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed March 25, 2019 by Petitioner Frederick Jerome Roberts ("Petitioner") pursuant to 28 U.S.C. § 2254; Respondent's Answer with Brief in Support ("Answer"), ECF No. 19; and Petitioner's Response to Respondent's Answer, ECF No. 23. After considering the pleadings and the applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** the Petition for Writ of Habeas Corpus **with prejudice** as time-barred.

**I. BACKGROUND**

Petitioner is a prisoner confined in the Allred Unit of the Texas Department of Criminal Justice ("TDCJ") in Iowa Park, Texas. ECF No. 25. He challenges the validity of his Wilbarger County convictions of aggravated assault with a deadly weapon, evading arrest with a vehicle, and unlawful possession of a firearm. ECF Nos. 1 at 2; 16-14 at 1. He was sentenced on November 20, 2014. ECF No. 16-1 at 3. The Seventh District Court of Appeals affirmed his conviction on November 14, 2016. *Id.* at 2. Petitioner did not file a Petition for Discretionary Review ("PDR") with the Texas Court of Criminal Appeals ("TCCA"). ECF No. 19-1.

Petitioner signed his state habeas application on July 10, 2017, and the application was filed on July 20, 2017. ECF No. 16-31 at 5, 21. On September 27, 2017, the TCCA remanded the state habeas application for an evidentiary hearing. ECF No. 16-25. The TCCA denied his application on March 21, 2018. ECF No. 16-17. Petitioner did not file a petition for writ of certiorari with the Supreme Court of the United States. *See* ECF No. 1 at 3–4. He filed the instant Petition on March 25, 2019. ECF No. 1.

## II. LEGAL STANDARD AND ANALYSIS

District courts are permitted to consider, *sua sponte*, the timeliness of a motion filed under 28 U.S.C. § 2254. *Day v. McDonough*, 547 U.S. 198, 209 (2006); *Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999).

### A. Petitioner is Time-Barred by the AEDPA Limitation Period

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations for an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d); *Harrington v. Richter*, 562 U.S. 86, 97 (2011). AEDPA provides in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (2019).

State law determines the time period within which a prisoner may file a direct appeal of a state conviction. *Roberts v. Cockrell*, 319 F.3d 690, 693–94 (5th Cir. 2003). In Texas, if a defendant does not move for a new trial, he has thirty days after the sentencing date to file a timely notice of appeal. Tex. R. App. P. 26.2(a). If the defendant does not file timely notice of appeal, his conviction becomes final at the end of the thirty-day period. *Id.*; 28 U.S.C. § 2244(d). If the defendant files timely notice of appeal and the appellate court affirms, he has thirty days after the affirming court's judgment to file a PDR with the TCCA. Tex. R. App. P. 68.1 and 68.2(a). If the defendant does not file a timely PDR, his conviction becomes final at the end of the thirty-day period. 28 U.S.C. § 2244(d); Tex. R. App. P. 68.2(a). If the defendant files a timely PDR and the TCCA affirms the conviction or denies review, the defendant may file a petition for writ of certiorari with the Supreme Court of the United States within ninety days of the TCCA's order. U.S. Sup. Ct. R. 13(1); *Roberts*, 319 F.3d at 693 n.14. If the defendant does not file a petition for writ of certiorari, his conviction becomes final at the end of the ninety-day period. 28 U.S.C. § 2244(d); *see* U.S. Sup. Ct. R. 13(1). If the defendant files a timely petition for writ of certiorari, his conviction becomes final on the date the Supreme Court issues an order regarding his conviction. Once his conviction becomes final, the limitation period under § 2244(d)(1)(A) begins to run, so long as §§ 2244(d)(1)(B)–(D) do not apply.

The Seventh District Court of Appeals affirmed Petitioner's conviction on November 14, 2016, and because Petitioner did not file a PDR, his conviction became final on December 14,

2016. AEDPA's one-year limitation period began running on that day and ended on December 14, 2017. Although AEDPA provides four possible dates on which the limitation period may begin to run, the date on which the judgment became final is the only one relevant here. *See* 28 U.S.C. § 2244(d)(1); *see also* ECF Nos. 1, 23. Petitioner filed the instant Petition for Writ of Habeas Corpus on March 25, 2019.

### B. Petitioner is Entitled to Statutory Tolling

AEDPA states: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (2019). An application for state habeas relief filed after the limitation period ends does not affect AEDPA's limitation period. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Petitioner signed his state habeas application on July 10, 2017, and the TCCA denied the application on March 21, 2018. Because the state habeas application was pending for 255 days, Petitioner is entitled to 255 days of tolling of the AEDPA limitation period. This extended the deadline for filing the instant Petition from December 14, 2017, to August 27, 2018.[1] However, Petitioner did not file the instant Petition until March 25, 2019.

### C. Petitioner is Not Entitled to Equitable Tolling

The Court must next consider whether the circumstances of the instant case warrant the application of equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (holding that AEDPA's one-year statute of limitations is subject to equitable tolling). AEDPA's period of limitation may be equitably tolled, thereby saving a time-barred petition, only in "rare

---

[1] Because the tolling period ended on Sunday, August 26, 2018, the Court uses the date of the following Monday in calculating the federal habeas petition deadline. *See* Fed. R. Civ. P. 6(a)(1)(C); *Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998) (holding that Rule 6(a) applies when computing AEDPA's § 2244 limitation period).

and exceptional circumstances[.]" *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). "To obtain the benefit of equitable tolling, [Petitioner] must establish that (1) he pursued habeas relief with 'reasonable diligence,' and (2) some 'extraordinary circumstances' stood in his way and 'prevented' timely filing." *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013).

"[T]he circumstances of each case, taken together, must determine whether a particular petitioner was diligent in pursuing his claims and, therefore, entitled to equitable tolling." *Williams v. Thaler*, 400 Fed. Appx. 886, 891 (5th Cir. 2010) (per curiam). Equitable tolling is not intended for "those who sleep on their rights." *Fisher*, 174 F.3d at 715 (quoting *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)). Such tolling is an extraordinary remedy that courts extend sparingly. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). It "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

Petitioner does not argue that he pursued habeas relief with reasonable diligence. Additionally, he does not establish that extraordinary circumstances prevented timely filing. The arguments in his Petition and Response do not involve the time period between the expiration of the AEDPA period and the date that he filed his federal habeas petition. *See* ECF Nos. 1, 23. Therefore, because Petitioner has not established the two elements required for equitable tolling, he is not entitled to such tolling.

### III. CONCLUSION

After considering the pleadings and the applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** the Petition for Writ of Habeas Corpus, ECF No. 1, **with prejudice** as time-barred.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed **October 1, 2019**.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE